IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DORNA SPORTS, S.L.,

     Plaintiff,

vs.                               Case No. 1:24-cv-00630-SMD-JFR

CRAFT 1861, LLC, and
ROBERT ARANDA,

     Defendants.

## ORDER ON MOTION FOR DEFAULT JUDGMENT

THIS MATTER having come before the Court on Plaintiff Dorna Sports, S.L.'s ("Plaintiff's" or "Dorna's") Motion for Default Judgment (Doc. 15) ("Motion") against Defendants Craft 1861, LLC ("Craft 1861") and Robert Aranda ("Aranda") (collectively, "Defendants"), jointly and severally, as supplemented by Plaintiff's provision of supporting documentation (Doc. 20), in response to this Court's Order of March 17, 2025, requesting supporting documentation (Doc. 19),

This Court, having reviewed the Motion and the record in this case and being otherwise fully informed, FINDS as follows:

**Well-Pled Allegations**

1.     Upon a motion for default judgment, a district court accepts as true all well-pled allegations in a complaint, except those related to proving damages. *See Nevada Gen. Ins. Co. v. Anaya*, 326 F.R.D. 685, 693 (D.N.M. 2018).

2.     This Court finds the following allegations well-pled.

3.     Plaintiff's Complaint states that on February 3, 2022, Craft 1861, through its Chief Executive Officer, Aranda, entered into an Agreement with Dorna for the purchase of certain rights

and advertisement exhibition services in relation to MotoGP™ for the years of 2022 through 2026

(the "Agreement").  *See* Doc. 1 ("Pl. Compl.") ¶¶ 1-4, 7-8, Exh. A.

4.       Plaintiff's Complaint states that in exchange for the MotoGP™ rights and

advertisement exhibition services, Craft 1861, through its Chief Executive Officer, Aranda,

promised to make the following payments:

- For 2022, the amount of TWO MILLION FIFTY THOUSAND EUROS (€2,050,000.00), paid in two installments of 50% by no later than February 15, 2022, and 50% by no later than July 15, 2022;
- For 2023, the amount of TWO MILLION ONE HUNDRED FIFTY THOUSAND EUROS (€2,150,000.00), paid in two installments of 50% by no later than January 15, 2023, and 50% by no later than July 15, 2023;
- For 2024, the amount of TWO MILLION TWO HUNDRED FIFTY THOUSAND EUROS (€2,250,000.00), paid in two installments of 50% by no later than January 15, 2024, and 50% by no later than July 15, 2024;
- For 2025, the amount of TWO MILLION THREE HUNDRED FIFTY THOUSAND EUROS (€2,350,000.00), paid in two installments of 50% by no later than January 15, 2025, and 50% by no later than July 15, 2025;
- For 2026, the amount of TWO MILLION FOUR HUNDRED FIFTY THOUSAND EUROS (€2,450,000.00), paid in two installments of 50% by no later than January 15, 2026, and 50% by no later than July 15, 2026; and
- Production and technical costs in the amount of THIRTY THOUSAND EUROS (€30,000.00) per each season of the year.

Pl. Compl. ¶ 12, Exh. A at Sections 4, 5.

5.       Plaintiff's Complaint states that Craft 1861, through its Chief Executive Officer,

Aranda, made various unfulfilled promises that Craft 1861 would pay Dorna, pursuant to the

parties' Agreement.  *See* Pl. Compl. ¶¶ 9-11; Motion, Exhs. C, D.

6.       Plaintiff's Complaint states that despite the Agreement, Craft 1861 only made two

partial payments—one for €500,000 (five hundred thousand euros and zero cents) on February 21,

2022, and another for €100,000 (one hundred thousand euros and zero cents) on August 4, 2022.

*See* Pl. Compl. ¶ 16; Motion Exh. B.

7.      Plaintiff's Complaint states that Craft 1861 failed to make the full payment due on February 15, 2022, as agreed, and has missed all subsequent payments required under the Agreement. *See* Pl. Compl. ¶ 15; Motion Exh. B.

8.      Plaintiff's Complaint asserts that as of June 20, 2024, Defendants owed Dorna a sum consisting of €1,480,000.00 (one million four hundred and eighty thousand euros and zero cents) in principal.  *See* Pl. Compl. ¶ 22.

9.      Plaintiff's Complaint states that pursuant to the Agreement, interest on such payments accrues at the rate of 1.5% per month. *See* Pl. Compl. ¶ 13; Exh. A at Section 4.4.

10.      Plaintiff's Complaint asserts that despite demand, Defendants have failed to pay the sums due and owing to Dorna, as specified herein.  *See* Pl. Compl. ¶¶ 18-21; Motion, Exh. B.

**Jurisdiction**

11.      When entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the District Court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties, and the Court must exercise its responsibility to determine that it has the power to enter the default judgment, *see Nevada Gen. Ins. Co. v. Anaya*, 326 F.R.D. at 693 (quotations omitted), *citing Metro. Life Ins. Co. v. Johnson*, No. 14-cv-811, 2015 WL 1945398, at *2, 3 (D. Colo. Apr. 29, 2015) *and Williams v. Life Savings & Loan*, 802 F.2d 1200, 1202-03 (10th Cir. 1986).

12.      This court has subject matter jurisdiction over the parties pursuant to 28 U.S.C. § 1332(a), and venue is proper pursuant to 28 U.S.C. § 1391.

13.      The Tenth Circuit has indicated that a district court does not have personal jurisdiction over a defendant if the defendant was not served, *see Nevada Gen. Ins. Co.*, 326 F.R.D. at 694, *citing Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983).

14.     The Clerk of the District of New Mexico properly entered default against Defendant Craft 1861 on July 23, 2024 (Doc. 7).

15.     This Court finds that Defendant Craft 1861 was properly served with the Complaint under Fed. R. Civ. P. 4(h), based on the supporting documentation provided, i.e. a sworn statement by the process server that "Brooklyn, Refused Last name" accepted service on June 24, 2024, and that Brooklyn stated that she was authorized to accept all legal documents on behalf of Craft 1861 (Doc. 20 at Ex. A).[1]

16.     This Court finds that personal jurisdiction exists over Defendant Craft 1861.

17.     The Clerk of the District of New Mexico properly entered default against Defendant Aranda on October 4, 2024 (Doc. 11).

18.     This Court finds that Defendant Aranda was properly served with the Complaint under Fed. R. Civ. P. 4(e), based on the supporting documentation provided, i.e. a sworn statement that "Sylvia Jacquez, Regus office manager," accepted service on August 14, 2024, and that Ms. Jacquez stated that she was authorized by Defendant Aranda to accept any court documents that came to his office (Doc. 20 at Ex. B).[2]

19.     This Court finds that personal jurisdiction exists over Defendant Aranda.

**Judgment**

20.     Plaintiff's Motion requests judgment be granted in favor of Dorna and against Defendants Craft 1861, LLC and Robert Aranda, jointly and severally, on Dorna's claims for Breach

---

[1] This Court finds that the asserted date of June 21, 2024 in Doc. 20, ¶ 1, is in error, and that service was properly effectuated on June 24, 2024, as initially asserted in the first proof of service (*compare* Doc. 5 *with* Doc. 20 at Ex. A).

[2] This Court finds that the asserted date of June 21, 2024 in Doc. 20, ¶ 1, is in error, and that service was properly effectuated on August 14, 2024, as initially asserted in the first proof of service (*compare* Doc. 8 *with* Doc. 20 at Ex. B).

of Contract (Pl. Compl. ¶¶ 25-30), Fraudulent Misrepresentation (Pl. Compl. ¶¶ 31-38), and

Negligent Misrepresentation (Pl. Compl. ¶¶ 39-46).

21.     This Court finds that the well-pled allegations of Plaintiff's Complaint state a claim

for relief under all three claims.  *See Am. Mech. Sols., L.L.C. v. Northland Process Piping, Inc.*, 184

F. Supp. 3d 1030, 1057 (D.N.M. 2016) (breach of contract); *Applied Capital, Inc. v. Gibson*, 558 F.

Supp. 2d 1189, 1200 (D.N.M. 2007) (fraudulent misrepresentation); *Eckhardt v. Charter Hosp. of*

*Albuquerque, Inc.*, 953 P.2d 722, 735 (N.M. App. 1997) (negligent misrepresentation).

22.     This Court enters judgment for Plaintiff against Defendants, jointly and severally, on

all three claims.

**Damages**

23.     Under Fed. R. Civ. P. 55(b)(1), judgment can be entered for a "sum certain" or a

"sum that can be made certain by computation" where a defendant has been defaulted for a failure

to appear.  *Garcia Gutierrez v. Puentes*, 437 F. Supp. 3d 1035, 1039 (D.N.M. 2020).

24.     "A court may enter a default judgment without a hearing only if the amount claimed

is a liquidated sum or one capable of mathematical calculation." *Snelling v. Tribal Vapors*, No.

19-cv-686, 2021 WL 1227836, at *26 (D.N.M. Mar. 31, 2021), *quoting Hunt v. Inter-Globe*

*Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985).

25.     As noted above, Plaintiff's Complaint asserts in a well-pled allegation that as of

June 20, 2024, Defendants owed Dorna a sum consisting of €1,480,000.00 (one million four

hundred and eighty thousand euros and zero cents) in principal.  *See* Pl. Compl. ¶ 22.  The Court

finds that this constitutes both liquidated damages and a sum certain.  *See*, *e.g.*, *Snelling v. Tribal*

*Vapors*, 2021 WL 1227836, at *45-*49, *citing, e.g.*, *KPS & Assocs., Inc. v. Designs By FMC, Inc.*,

318 F.3d 1, 19 (1st Cir. 2003) (defining a liquidated claim as "when the amount thereof has been

ascertained and agreed upon by the parties or fixed by operation of law," and a sum certain as

when "there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's

default," and noting that a hearing is not normally required to establish those damages).

26.    As noted above, Plaintiff's Complaint asserts in a well-pled allegation that pursuant

to the Agreement, interest on such payments accrues at the rate of 1.5% per month. *See* Pl. Compl.

¶ 13; Exh. A at Section 4.4.

27.    Plaintiff's Motion for Default Judgment and supporting documentation together

state that pursuant to the Agreement, as of December 9, 2024, Defendants owed Dorna a sum of

€672.258.08 (six hundred seventy-two thousand two hundred and fifty-eight euros and eight cents)

in interest.[3]  *See* Motion, Exh. B; Doc. 20, ¶ 4-5.

28.    Plaintiff's supporting documentation provides a table that correctly calculates

simple interest owed to Plaintiff as of December 9, 2024, on the unpaid sums, e.g., €425,000

unpaid to Plaintiff as of February 15, 2022, €1,025,000 unpaid to Plaintiff as of July 15, 2022, and

€30,000 unpaid to Plaintiff as of July 15, 2022, as totaling €672,258.08 in interest.  *See* Doc. 20 ¶

5.  This Court finds that this is a sum properly capable of mathematical calculation.

29.    This Court finds that Plaintiff has properly supported its request for compensatory

damages and interest with an affidavit, exhibits and calculations, such that a hearing would not aid

the court in fixing the amount of damages.   *See*, *e.g.*, *Garcia Gutierrez v. Puentes*, 437 F. Supp.

3d 1035, 1040 (D.N.M. 2020).

---

[3] Plaintiff's supporting documentation accurately states that Plaintiff's December 19, 2024,
Motion for Default Judgment erroneously listed the "as of" date for calculation of interest as of
July 25, 2024, instead of December 9, 2024, consistent with Plaintiff's Affidavit in support of the
Motion. *See* Doc. 20, ¶ 4; Motion, Exh. B, ¶ 5.

**THEREFORE, IT IS HEREBY ORDERED** that

Plaintiff's Motion for Default Judgment (Doc. 15) against Defendants Craft 1861 Craft

and Aranda, jointly and severally, is GRANTED; and

DEFAULT JUDGMENT is entered against Defendants Craft 1861 Craft and Aranda is

ENTERED in the sum of €2,152,258.08 (i.e., €1,480,000.00 in compensatory damages and

€672,258.08 in interest).

_____

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**